**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**AUDRA SUZANNE DANIELS,**

      **Plaintiff,**              **CIVIL ACTION NO. 17-cv-12574**

      **v.**                        **DISTRICT JUDGE DENISE PAGE HOOD**

**COMMISSIONER OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Audra Suzanne Daniels seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 16) and Defendant's Motion for Summary Judgment (docket no. 17). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 2.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.**      **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 16) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 17) be **GRANTED**.

## II. PROCEDURAL HISTORY

Plaintiff applied for a period of disability and disability insurance benefits on March 7, 2014, alleging disability since January 1, 2013, due to post-traumatic stress disorder ("PTSD"), depression, anxiety, fibromyalgia, anemia, mitral valve prolapse, benign hypermobility syndrome, asthma, irritable bowel syndrome, and gastro esophageal reflux disease ("GERD"). (TR 86, 156-57.) After the Social Security Administration denied Plaintiff's claims on August 12, 2014, Plaintiff appeared with an attorney at a hearing held before an Administrative Law Judge ("ALJ"), at which Plaintiff testified. (TR 39-103.) The ALJ, JoErin O'Leary, subsequently issued an unfavorable decision on May 11, 2016, and the Appeals Council declined to review the ALJ's decision. (TR 1-7, 12-38.) Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Defendant (docket no. 17 at 4-9) and the ALJ (TR 18-33) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony. Plaintiff does not set forth a summary of facts, but she does cite to the medical record throughout her brief. (Docket no. 16 at 5-13.) Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

**IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION**

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019, and that Plaintiff did not engage in substantial gainful activity since January 1, 2013, the alleged onset date. (TR 17.) The ALJ found that Plaintiff had the following severe impairments: fibromyalgia, asthma, irritable bowel syndrome ("IBS"), gastro esophageal reflux disease ("GERD"), connective tissue disease, migraines, diabetes mellitus, polyarthritis, rheumatoid arthritis, Sjogren's syndrome, Raynaud's phenomenon, degenerative disk disease, obesity, chronic pain syndrome, somatoform disorder, persistent depressive disorder, and paranoid personality disorder. (TR 17-18.) Nevertheless, the ALJ concluded that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 18-23.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), but with the following limitations:

- Plaintiff should never climb ladders, ropes and scaffolds;

- Plaintiff can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl;

- Plaintiff should not work around unprotected heights, or dangerous moving mechanical parts;

- Plaintiff can only occasionally be exposed to dust, odor, fumes, pulmonary irritants, humidity, wetness, extreme cold, extreme heat, or any occupational vibration;

- Plaintiff would be limited to simple routine tasks and to simple work-related decisions to reduce stress;

- Plaintiff can tolerate occasional interaction with supervisors and co-workers, but she should not work with the general public;

- Plaintiff would have to have access to restroom facilities.

(TR 23-31.) The ALJ then found that Plaintiff was unable to perform any past relevant work. (TR 31.) However, in reliance on the vocational expert's ("VE's") testimony and considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform despite her impairments. (TR 32-33.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from January 1, 2013, through the date of the decision. (TR 33.)

V. **LAW AND ANALYSIS**

   A. **Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide

the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to

5

perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that Defendant's final decision should be vacated for an award of benefits or remanded for further consideration pursuant to sentence four on the basis that the ALJ's findings are not supported by substantial evidence. (Docket no. 16.) Particularly, Plaintiff argues that the ALJ did not follow the applicable law governing the assessment of treating medical source opinions and relied on "nonexistent inconsistencies as grounds for disregarding the treating specialist's opinions." (*Id.* at 13.)

*1.     The ALJ's Assessment of Dr. Laynes's Opinion*

Plaintiff argues that the ALJ did not properly weigh the opinion of her treating physician, Maria Liza Laynes, M.D., and that the ALJ failed to provide good reasons for assigning Dr. Laynes's opinion little weight, in violation of the treating physician rule. (Docket no. 16 at 7-13.) It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r*

7

*of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

On April 26, 2016, Dr. Laynes submitted a letter summarizing her year-long treatment of Plaintiff. (TR 622.) Dr. Laynes noted that Plaintiff had been diagnosed with seronegative rheumatoid arthritis, Sjogren's syndrome, and Raynaud's syndrome, and that her symptoms, which included joint stiffness and joint swelling, had been progressive and worsening. Dr. Laynes reported that Plaintiff complained of diarrhea several times a day due to a fear of taking her medications and that she needed to be near a bathroom at all times. Dr. Laynes recommended that Plaintiff "elevate her legs several times a day to help prevent leg swelling and . . . limit

8

weight lifting to less than ten pounds." Dr. Laynes concluded by stating that Plaintiff's condition could change depending on her response to medications.

> The ALJ identified Dr. Laynes as a treating source and assessed her opinion as follows:
>
> Dr. Laynes [sic] opinion is not given controlling weight, as it is not entirely consistent with the evidence of record, including the claimant's activities of daily living. Furthermore, she does not establish an adequate basis for her opinion and there is a lack [of] reference to supportive findings. For example, Dr. Layne's [sic] diagnosis of rheumatoid arthritis conflicts with the diagnosis of specialist, Mr. Kocheril, and as Dr. Layne's [sic] notes in November 2015, she has never obtained a copy of that consult (12F/20; 13F/1). Furthermore, her opinion is inconsistent with the claimant's activities of daily living during the relevant period, and the physical examination findings discussed above. Therefore, I give this opinion little weight.

(TR 30-31.)

Plaintiff argues that the ALJ's decision to not give Dr. Laynes's opinion controlling weight is not supported by substantial evidence. (Docket no. 16 at 12.) Plaintiff's arguments can be grouped into three main categories: (1) the ALJ erroneously described Dr. Laynes as Plaintiff's "primary care physician," ignoring her specialization in rheumatology; (2) the ALJ did not identify any inconsistencies between Dr. Laynes's opinion and Plaintiff's activities of daily living; and (3) the ALJ erroneously discounted Dr. Laynes's opinion on the basis that it conflicts with the opinion of Mr. Kocheril, who is not a medical source or specialist. (*Id.* at 10-12.)

As to Plaintiff's first argument, while the ALJ did not explicitly state Dr. Laynes's specialty in rheumatology, it is evident from the citations in the ALJ's decision that she was at least aware of Dr. Laynes's specialty and that she took it into consideration. For example, Plaintiff cites page 606 of the Transcript to demonstrate that Dr. Laynes identified herself as a rheumatologist. (*Id.* at 8 (citing TR 606).) However, the ALJ explicitly considered this exact page of the Transcript on page 11 of her decision (cited as "15F/2"). (TR 25). Furthermore, the other medical records that Plaintiff cites in support of Dr. Laynes's specialization as a

9

rheumatologist (TR 578-81, 595, 612) were also cited to generally in the ALJ's decision (cited as "12F," "13F," "15F"). (TR 24-25.) Moreover, the Sixth Circuit has stated that although the regulations instruct an ALJ to consider the factors listed in 20 C.F.R. § 404.1527(c), such as specialization, an "exhaustive factor-by-factor analysis" is not required to satisfy the treating-source rule; the regulations expressly require only that the ALJ's decision include "good reasons" for the weight given. *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 804 (6th Cir. 2011). In this case, although the ALJ did not explicitly note Dr. Laynes's specialization as a rheumatologist, the ALJ's references to the medical record indicate that she did not completely ignore it. And, as further discussed below, the ALJ provided good reasons for assigning little weight to Dr. Laynes's opinion. Accordingly, the ALJ's failure to mention Dr. Laynes's specialization in the decision does not warrant remand, and Plaintiff's argument with respect to this issue fails.

Plaintiff's second argument, that "the ALJ did not identify any supposed inconsistency between Dr. Laynes's specific opinions and Plaintiff's activities," also fails. (*See* docket no. 16 at 11.) Here, the ALJ made a general finding that Dr. Laynes's opinion is inconsistent with Plaintiff's activities of daily living, which activities the ALJ characterized as "not limited to the extent one would expect given [Plaintiff's] allegations." (TR 29, 30-31.) Even though the ALJ did not expound on this finding in her assessment of Dr. Laynes's opinion, when it is read in conjunction with the ALJ's discussion of Plaintiff's activities of daily living, the connection between the two is sufficiently clear and logical. (*Compare* TR 29 *with* TR 30-31.) Essentially, the ALJ weighed the evidence and found that Dr. Laynes's opinion that Plaintiff needed to "elevate her legs several times a day to help prevent leg swelling and . . . limit weight lifting to less than ten pounds" (TR 622) was inconsistent with Plaintiff's ability to feed and groom

10

several pets, help with the dishes, do her own laundry, shop with her husband, and work as a volunteer driver and a meals-on-wheels driver several times a week (TR 29 (citing TR 351).) Indeed, it is the role of the ALJ to weigh the evidence and resolve any conflicts therein.  *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).

Moreover, Plaintiff's argument in this regard is wholly undeveloped, as it consists solely of the sentence quoted at the beginning of the previous paragraph.  (*See* docket no. 16 at 11.) Plaintiff presents no authority under which the ALJ's failure to identify specific inconsistencies between Dr. Laynes's opinion and Plaintiff's activities of daily living constitutes reversible error. Nor does Plaintiff make any factual analysis to demonstrate that the ALJ's finding that Dr. Laynes's opinion is inconsistent with Plaintiff's activities of daily living is unsupported by substantial evidence.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation and internal quotation marks omitted).

Plaintiff's third argument, that the ALJ erred by discounting Dr. Laynes's opinion on the basis that it conflicts with the opinion of Mr. Kocheril, lacks merit.  In making this argument, Plaintiff repeatedly asserts that the ALJ erred because Mr. Kocheril is not a medical source, let alone a medical specialist.  (Docket no. 16 at 11-12.)  As Defendant points out, however, Mr. Kocheril is identified in the medical records as a physician with the University of Michigan Health System's Outpatient Rheumatology Clinic, and his name contains the post-nominal letters "MBBS" (Bachelor of Medicine, Bachelor of Surgery), which one court has characterized as a foreign medical degree.  (Docket no. 17 at 16 (citing TR 538, 555, 568 and *Gorman v. Comm'r*

11

*of Soc. Sec.*, No. 5:12-CV-0939 (LEK/ATB), 2013 WL 4049978, at *15 n.10 (N.D.N.Y. Aug. 8, 2013)).) Conversely, Plaintiff has cited no authority to support his assertion that Mr. Kocheril is not a medical source. While there is no evidence in the record indicating whether or not Mr. Kocheril is a licensed physician, so as to be considered an "acceptable medical source" under the regulations, *see* 20 C.F.R. § 404.1513(a) (effective until March 27, 2017), he is a medical source nonetheless, apparently with a focus or specialty in rheumatology.

Additionally, Plaintiff incorrectly asserts that Mr. Kocheril did not examine Plaintiff. The medical records prove otherwise. In fact, not only did Mr. Kocheril examine Plaintiff on three separate occasions, he also ordered diagnostic testing, and recommended that Plaintiff take Vitamin D supplements, follow a healthy diet, and engage in low-impact aerobic exercises. (*See* TR 538-77.) In light of the medical record, it is puzzling why Plaintiff would make such an assertion. Plaintiff also incorrectly asserts that Dr. Kocheril did not find that Plaintiff does not have rheumatoid arthritis. (Docket no. 16 at 11.) To the contrary, and as the ALJ points out in her decision, in a progress note dated August 26, 2015, Mr. Kocheril clearly states, "rule out inflammatory arthritis (she was started on Humira by outside physician but currently does not fulfill criteria for inflammatory arthritis)." (TR 24, 556.) The ALJ clearly pointed out the inconsistency between Dr. Laynes's diagnosis of rheumatoid arthritis (TR 622) and Mr. Kocheril's assessment of Plaintiff's condition (TR 556), and she discounted Dr. Laynes's opinion accordingly (TR 30-31). Plaintiff has advanced no valid basis for error with regard to the ALJ's reliance on Mr. Kocheril's opinion to discount Dr. Laynes's opinion.

The ALJ discounted Dr. Laynes's opinion because it was not well-supported and because it was inconsistent with the evidence of record, specifically, Plaintiff's activities of daily living, Mr. Kocheril's opinion, and the physical examination findings. (TR 30-31.) Plaintiff does not

12

challenge the ALJ's finding that Dr. Laynes's opinion is inconsistent with the physical examination findings, and the Court finds none. As Defendant and the ALJ point out, upon examination, Plaintiff's treating providers repeatedly observed normal gait and station, normal gross and fine motor skills, and normal range of motion, without swelling, erythema, or tenderness. (Docket no. 17 at 13 (citing TR 25, 27, 336, 344-46, 417, 426, 429, 587)).) The ALJ also noted that Mr. Kocheril observed no focal joint swelling, redness, or acute tenderness of any specific joints upon examination (TR 24), which directly conflicts with Dr. Laynes's report that Plaintiff's symptoms included reported joint stiffness and swelling (TR 622). The ALJ's reasons for discounting Dr. Laynes's opinion constitute good reasons under the regulations, as they are sufficiently specific to make clear to any subsequent reviewers the weight that she gave to Dr. Laynes's medical opinion, and they are supported by substantial evidence. Plaintiff's Motion for Summary Judgment should be denied with respect to the ALJ's assessment of Dr. Laynes's opinion.

          2.     *The ALJ's Failure to Consider Dr. Bleiberg's "Opinion"*

Plaintiff also argues that "the ALJ completely failed to consider" the opinion of Marvin Bleiberg, M.D., who explicitly diagnosed Plaintiff with rheumatoid arthritis and specifically stated that Plaintiff was "Unable to work." (Docket no. 16 at 12 (citing TR 584-89)). Defendant counters that there was no medical opinion from Dr. Bleiberg that the ALJ was required to discuss or weigh because that which Plaintiff contends is Dr. Bleiberg's opinion regarding Plaintiff's inability to work is actually Plaintiff's narrative description of her subjective complaints and symptoms. (Docket no. 17 at 17.) Defendant is correct in pointing out that the "Unable to work" statement at issue was recorded by Dr. Bleiberg in the "history of present illness" portion of his treatment note, in which Dr. Bleiberg was recording Plaintiff's reports

13

regarding pain management and functioning. (*See id.* (citing TR 584).) Statements that appear in the "history of present illness" section are "merely the narrative description of plaintiff's subjective complaints and symptoms and are not opinions regarding plaintiff's limitations or restrictions." *McCready v. Comm'r of Soc. Sec.*, No. 10-13893, 2012 WL 1060088, at *8 (E.D. Mich. Mar. 2, 2012), *report and recommendation adopted*, No. 10-13893, 2012 WL 1059747 (E.D. Mich. Mar. 29, 2012). Accordingly, Dr. Bleiberg did not opine that Plaintiff was unable to work, and the ALJ did not err by failing to mention this aspect of Plaintiff's treatment note. Also, while the ALJ did not explicitly note Dr. Bleiberg's diagnosis of rheumatoid arthritis, any error in this regard is harmless, because the ALJ essentially adopted Dr. Bleiberg's opinion in determining that rheumatoid arthritis is one of Plaintiff's severe impairments. (*See* TR 17; *Nelson*, 195 F. App'x at 470.) Therefore, Plaintiff's argument regarding Dr. Bleiberg is unavailing.

The above discussion demonstrates that the ALJ set forth good reasons for discounting Dr. Laynes's opinion and that she had sufficient grounds for not referencing Dr. Bleiberg's "opinion." The ALJ's decision is supported by substantial evidence and should therefore not be disturbed.

## VI.     CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 16) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 17).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided

for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 31, 2018        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: July 31, 2018        s/ Leanne Hosking
                            Case Manager