# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AUDRA SUZANNE DANIELS,

        Plaintiff,        CASE NO. 17-12574
                                    HON. DENISE PAGE HOOD

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

### OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [#18] TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#17] AND TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#16]

**I. BACKGROUND**

This matter is before the Court on a Report and Recommendation (Doc # 18) filed by Magistrate Judge Mona K. Majzoub to grant the Motion for Summary Judgment filed by Defendant Commissioner of Social Security ("Commissioner") (Doc # 17) and to deny the Motion for Summary Judgment filed by Plaintiff Audra Suzanne Daniels ("Daniels") (Doc # 16). Daniels has timely filed three objections to the Report and Recommendation. (Doc # 20) The Commissioner has filed a response to the objections. (Doc # 21) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid

1

objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court ACCEPTS and ADOPTS the Report and Recommendation, GRANTS the Commissioner's Motion for Summary Judgement, and DENIES Daniels' Motion for Summary Judgment.

The background facts of this matter are adequately set forth in the Magistrate Judge's Report and Recommendation, and the Court adopts them here.

## II. ANALYSIS

### A. Standard of Review

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

## B. Daniels' Objections

### 1. First Objection

Daniels first objects to the Magistrate Judge's analysis of the administrative law judge's ("ALJ") decision to not give controlling weight to the opinion of Daniels' treating physician, Dr. Maria Liza Laynes. Daniels argues that the weight that the ALJ gave Dr. Laynes' opinion was insufficient considering that Dr. Laynes specialized in rheumatology. The Magistrate Judge determined that the ALJ took Dr. Laynes' specialty into consideration when deciding what weight to assign to her opinion, but Daniels contends that the Magistrate Judge was in error. The Commissioner argues that substantial evidence supported the ALJ's decision to discount Dr. Laynes' opinion because it was "not entirely consistent with the evidence of record." (Doc # 11-2, Pg ID 63-64)

The Court agrees with the Magistrate Judge's finding that the ALJ properly assessed how much weight should be given to Dr. Laynes' opinion. Since the ALJ provided Daniels with a good reason for not giving Dr. Laynes' opinion controlling weight, the ALJ was fully within her discretion to discount Dr. Laynes' opinion. *See, e.g.*, *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 727 (6th Cir. 2014) (explaining that an ALJ may only choose not to give a treating physician's opinion controlling weight if she offers a good reason in support of her decision). Courts have held that a "good reason" could be that a treating physician's opinion is

inconsistent with the evidence in the case record. *Warsaw v. Comm'r of Soc. Sec.*, No. 11-14872, 2013 WL 943534, at *2 (E.D. Mich. Mar. 11, 2013). While there are six factors that an ALJ must consider when determining that a treating source's medical opinion is not controlling, the ALJ was under no obligation to offer Daniels an "exhaustive factor-by-factor analysis" that explained how she reached her conclusion. *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 804 (6th Cir. 2011). Daniels' first objection is overruled.

2. *Second Objection*

Daniels also objects to the Magistrate Judge's recommendation that the Court affirm the ALJ's finding that according to the record, there were inconsistencies between Dr. Laynes' opinion and Daniels' activities. Daniels argues that the Magistrate Judge engaged in an inappropriate "*post hoc* rationalization" in reviewing the ALJ's finding that Plaintiff's normal activities conflicted with Dr. Laynes' medical diagnosis. The Commissioner responds that Daniels' challenge to the inconsistencies was waived because it was deemed "wholly undeveloped" by the Magistrate Judge. The Commissioner further responds that even if this Court were to allow Daniels to present her claim, the Magistrate Judge properly looked into the record as a whole as opposed to conducting a *post hoc* analysis.

This Court cannot consider Daniels' argument that the Magistrate Judge inappropriately reviewed the ALJ's decision to hold that Dr. Laynes' opinion was

4

inconsistent with Daniels' daily activities. Daniels waived this claim when she inadequately presented this argument to the Magistrate Judge. (Doc # 18, Pg ID 716); *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996) (stating that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Due to Daniels' waiver of this claim, she cannot present it to this Court. *Swain v. Commissioner of Social Sec.*, 379 Fed.Appx. 512, 517-18 (6th Cir.2010) (noting a "claim raised for the first time in objections to a magistrate judge's report is deemed waived."). Daniels' second objection is overruled.

   *3. Third Objection*

In her third objection, Daniels claims that the Magistrate Judge erred by not adequately focusing on the ALJ's rationale for discounting Dr. Laynes' opinion. Daniels claims that the ALJ was overly concerned with the labels of the diagnoses offered by Dr. Laynes and Dr. Kocheril, but should have instead addressed the substance of their medical opinions. The Commissioner responds by arguing that the Magistrate Judge found that the ALJ offered sufficient reasoning for her finding that Dr. Kocheril's medical opinion conflicted with Dr. Laynes' medical opinion.

The Magistrate Judge properly found that the ALJ's rationale for determining that Dr. Kocheril's medical opinion was in conflict with the medical opinion of Dr. Laynes was acceptable. The Magistrate Judge cited record evidence in support of

5

her determination, and therefore the ALJ's finding is conclusive. *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir.1986) ("Pursuant to 42 U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported by substantial evidence. Accordingly, our review is limited to determining whether there is substantial evidence in the record to support the findings."). Daniels' third objection is overruled.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Mona K. Majzoub's Report and Recommendation (Doc # 18, filed July 31, 2018) is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant Commissioner of Social Security's Motion for Summary Judgment (Doc # 17, filed April 23, 2018) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Audra Suzanne Daniels' Motion for Summary Judgment (Doc # 16, filed March 26, 2018) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

<u>S/Denise Page Hood</u>
Denise Page Hood
Chief Judge, United States District Court

Dated: September 28, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2018, by electronic and/or ordinary mail.

                                    S/LaShawn R. Saulsberry
                                    Case Manager